[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff brings this action in three alternative counts seeking payment for site remediation services rendered to the defendant in the amount of $42,107.12. In successive counts, the plaintiff claims breach of an express contract, breach of implied contract and unjust enrichment. The defendant moves to strike the plaintiff's revised complaint on the grounds that it fails to state a claim upon which relief can be granted and joins causes of action which cannot properly be united in one complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of any complaint . . . to state a claim upon CT Page 12171 which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems. Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
As to count one, the claim for breach of an express contract, the defendant claims that the plaintiff is barred from recovery in that it has failed to allege the satisfaction of a condition precedent as set forth in section 12 of the contract appended to the complaint. Specifically, the defendant claims that Section 12 requires either that the Connecticut Underground Storage Tank Clean Up Fund pre-approve the work or, if the work is not pre-approved, the defendant must authorize it. Since the plaintiff has alleged, in both paragraphs four and five of count one, that the work in question was "requested" by the defendant, the motion to strike count one cannot be sustained on this basis. The defendant further claims that count one is legally insufficient in that it fails to allege either that the contract provided for a fixed price or that the charges in question were reasonable. Paragraph four of count one alleges that the contract, which is incorporated by reference in the complaint, contained "a schedule of time and material charges." Because the plaintiff has alleged an express agreement as to compensation, the court finds that the plaintiff need not have made additional allegations as to the reasonable value of its services. Therefore, the defendant's motion to strike count one is denied.
The defendant moves to strike counts two (breach of implied contract) and three (quantum meruit) on the theory that neither of these counts can be properly joined in one complaint with a claim for breach of an express contract. In support of these arguments and in contradiction of her theory that the express contract claim is legally insufficient, the defendant claims that the existence of an express contract in effect preempts these alternative theories of recovery. The defendant's argument is flawed in that it assumes that counts two and three are inconsistent as opposed to alternative theories of liability. Her reliance on Rosick v. Equipment Maintenance Service. Inc.,33 Conn. App. 25, 632 A.2d 1134 (1993) is misplaced. In Rosick, the plaintiff's claims were rejected after a trial in which he failed to produce essential evidence. For these reasons, the defendant's CT Page 12172 motion to strike counts two and three are also denied.
Accordingly, the motion to strike is denied in its entirety.
PECK, J.